Mr. Justice Scott delivered the opinion of the Court. The clause of the statute upon which both counts of this indictment are predicated, (1st clause of sec. 23, ch. 51, Dig. 354,) creates several distinct and substative offences, neither of which is included within the other; and, therefore, when the State proceeds for any one of these, that proceeded for must necessarily be specifically described. The entire statute is one, in an unusual degree, comprehensive. Its great and primary object is to prevent bad money being passed, and this is attempted to be effected by guarding every avenue that leads to this result. The section relating to coin, immediately before us, begins by making it criminal to make, mend, or prepare, any machine or ■instrument intended for the forging, counterfeiting or adulterating any of this kind of currency, being such in this State by law or usage. Then, he who assists or may be concerned in the making, mending, or preparing of any such machine or instrument, is 'made equally guilty with the actual fabricator, mender, or preparer. Then, the guilty use of any such machine or instrument, is made equally criminal. Then, he who may assist or be concerned in such guilty use. Then comes the guilty possession or concealment of machine or instrument: and, lastly, the offence of assisting in any such concealment. But each one of these several offences converge to one point, that is to say, to “ coin which may be current in this State either by law or usage]” and this is necessarily an ingredient in each of these offences severally. Thus, he who makes a machine, knowing it to be intended for the forging of any coin current in the State of Arkansas, either by law or usage, is guilty of one offence, and so of the other several offences perpetrated in the successive acts of progress, all inseparably connected with coin current in the State, either by law or usage. And so the fraudulent use of any such machine or instrument, made criminal as we have seen, is not any and every fraudulent use that may be conceived, but, on the contrary, only such fraudulent use as may be connected with the “ forging, counterfeiting, or adulterating of any coin which may be current in this State either by law or usage.” An indictment, then, in which it may be charged in general terms, as in this before us, that the instrument intended for the purpose of counterfeiting coin current in the State of Arkansas was by the defendant fraudulently used contrary to the statute, <fec., falls far short of charging, with any reasonable certainty, the offence proceeded for; because no other fraudulent use of any such instrument is denounced by the statute, except only a fraudulent use in forging, counterfeiting or adulterating coin which may be current in this State, either by law or usage. To constitute a good indictment for this offence, not only must the defendant be charged with the fraudulent use of such instrument, but the manner of the use — how it was used, — must be charged, as that the defendant used it “in making and counterfeiting money in the likeness and similitude of Spanish milled silver dollars, contrary to the statute,” &c. Otherwise, the indictment would not be a plain, brief, and certain description of the of-fence charged against the defendant, and it would be uncertain whether he had used such instrument in forging, in counterfeiting or in adultering the coin, or in what manner he had used it, and therefore uncertain whether he had committed any offence at all. Although when all the ingredients of an offence created by statute is expressed therein, it is sufficient to frame an indictment in the words of the act, yet, if some ingredient be plainly in an elipsis, such must be omitted in the indictment. (Santa Anna vs. The State, 1 Eng. 519.) And it is a well settled rule in criminal pleading that when a general term is used in a statute creating an offence in connexion with words more precise, limited and definite in their meaning, the indictment must charge the offence in the particular words used in the statute. On the same general principle, an indictment could not be good that would charge an offence in the general terms of the statute, when other words were used in that same statute restraining the meaning of these general terms manifestly within narrower limits than they in themselves import. Both counts of this indictment were, in our opinion, clearly bad, and therefore the Court below ought to have arrested the judgment. The record shows that the jury were sworn only “to try the issue joined.” This was irregular: they should also have been sworn to give a true verdict according to law and evidence. (Patterson vs. The State, 2 Eng. 59.) Had it been stated on the record that the jury were duly or regularly sworn, we would have presumed that the oath had been properly administered. Let the judgment be reversed, and the cause remanded, that the defendant may be proceeded against on another indictment to be preferred against him.